## United States Bankruptcy Court
### Eastern District of Pennsylvania

In re  **Cynthia D Nichols**                                           Case No.  **17-10406-amc**
                              Debtor(s)                                Chapter   **13**

# AMENDED CHAPTER 13 PLAN AND CERTIFICATE OF SERVICE

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,260.00 has been paid over 3 months and pay $630.00** per month for **1** months **and pay $ 855.00 per month for 56 months**

   Total of plan payments: **$49,770.00**

   **ANY UN-EXEMPT PROCEEDS FROM A POSSIBLE AUTO ACCIDENT SUIT WILL BE PAID INTO THE CHAPTER 13 TRUSTEE FOR THE BENEFIT OF THE UNSECURED CREDITORS.**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:    **Amount to be determined by the Office of the U. S. Trustee.**
      (2) Attorney's Fee (unpaid portion):    **$4,000.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):    **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations NONE

      (2) Other Priority Claims.

      | Name | Amount of Claim |
      |---|---|
      | **Internal Revenue Service** | **20,596.42** |

   c. Secured Claims

      (1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

      | Name | Description of Collateral | Pre-Confirmation Monthly Payment |
      |---|---|---|
      | **-NONE-** | | |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| **Toyota Motor credit Corp** | **16,575.00 plus interest for a total amount to be paid $19,970.26** | **7.59%** |

(b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

d. Unsecured Claims Pro rata on timely filed allowed Unsecured Claims

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **Nationstar Mortgage LLC** | **8,375.79 no payments to be made on this secured arrearage claim.  The debtor is currently in a trial modification.  If the debtor fails the modification or not approved, the debtor will file an amended or modified chapter 13 plan to provide for the arrearage claim for the time remaining of the plan.** | |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | | |
|---|---|---|---|
| **Nationstar Mortgage LLC** | **93,354.26** | **Debtor is in a trial Modification** | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE.  Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| -NONE- | |

9. Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

Date **May 2, 2017**          Signature **/s/ David M. Offen**
**David M. Offen**
Debtor's Counsel


# CERTIFICATE OF SERVICE

**THE CHAPTER 13 TRUSTEE, SECURED AND PRIORITY CREDITORS ARE BEING SERVED A COPY OF THE AMENDED CHAPTER 13 PLAN.**

**/s/ David M. Offen**
**David M. Offen**
**601 Walnut Street**
**The Curtis Center Suite 160W**
**Philadelphia, PA 19106**
**215-625-9600**