United States Bankruptcy Court
Eastern District of Pennsylvania

In re:    Case No. 17-10406-amc
Cynthia D Nichols    Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Antoinett    Page 1 of 1    Date Rcvd: Nov 16, 2017
                  Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 18, 2017.
db          +Cynthia D Nichols,    4912 Woodcrest Avenue,    Philadelphia, PA 19131-2612

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                         TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 18, 2017                                                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 16, 2017 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Toyota Motor Credit Corporation
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              DAVID M. OFFEN    on behalf of Debtor Cynthia D Nichols dmo160west@gmail.com,
               davidoffenecf@gmail.com
              KARINA VELTER    on behalf of Creditor    Nationstar Mortgage LLC amps@manleydeas.com
              KEVIN S. FRANKEL    on behalf of Creditor    Nationstar Mortgage LLC pa-bk@logs.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Toyota Motor Credit Corporation tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                                                    TOTAL: 8

1 Nichols Stipulation Bankruptcy Case # 17-10406/AMC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Cynthia D. Nichols,<br>    Debtor. | CHAPTER 13 |
| Nationstar Mortgage LLC,<br>    Movant,<br>v.<br>Cynthia D. Nichols,<br>    Debtor, | BANKRUPTCY CASE NUMBER<br>17-10406/AMC<br><br>11 U.S.C. § 362 |
| William C. Miller, Trustee,<br>    Additional Respondent. | |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor's property at 4912 Woodcrest Avenue, Philadelphia, PA 19131 (the "Property"), are $1,272.58. The breakdown of the arrears is as follows:

    Post-Payments from September 1, 2017 to October 1, 2017 at $636.29 each = $1,272.58;

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

    (a) Movant shall apply $161.19 from Debtors Suspense to the arrearage balance;

    (b) The balance of the arrears, to-wit, $1,111.39, shall be cured by the Debtor through the Chapter 13 Plan;

2 Nichols Stipulation Bankruptcy Case # 17-10406/AMC

(c) Debtor shall resume making the regular monthly mortgage payments on November 1, 2017 in the amount of $636.29, or as same may be adjusted from time to time in accordance with Paragraph (g);

(d) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(e) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC, at P.O. Box 619094, Dallas, Texas 75261-9741;

(f) Should the Debtor's post-confirmation plan be denied confirmation, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief as to the Property.

(g) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(h) Debtor shall reimburse Movant for its attorneys' fees and costs in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. Debtor understands that he shall be required to file an amend Chapter 13 Plan to pay the entire new adjusted $9,487.18 arrearage claim of Movant (original arrearage claim of $8,375.79 + post arrears of $1,111.39) by November 15, 2017. Movant shall file an amended proof of claim with the new arrears amount of $9,487.18.

3 Nichols Stipulation Bankruptcy Case # 17-10406/AMC

6. In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default shall continue to the following month(s), the default shall also include the payment set forth in Paragraph 4(c). If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

7. In the event a Notice of Default is issued and the Debtor remits a partial payment, it is agreed that acceptance of partial payment during the cure period shall not constitute satisfaction or waiver of the Notice of Default. Absent a full cure of the Notice of Default, Movant may file its Certification of Default with the Court.

8. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

9. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

10. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

4 Nichols Stipulation Bankruptcy Case # 17-10406/AMC

11. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 11/13/17

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: _____

David M. Offen, Esquire
Attorney for Debtor

Dated: 11-14-17

William C. Miller  JACK MILLER
Trustee

No objection

AND NOW, this _____ day of _____, 2017, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

**Date: November 16, 2017**

HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE